BENJAMIN POYER

*v.*

THE VILLAGE OF DES PLAINES.

*Filed at Ottawa March 26, 1888.*

1.   CONTINUANCE—*by operation of law—presumption, when a case remains on the docket.* All causes upon the docket of the trial court not otherwise disposed of at the end of the term, are, by operation of law, continued until the next term thereof.

2.   Where a cause is regularly upon the docket at a term, and not disposed of, and at a subsequent term is still on the docket and heard by the court as a cause pending therein, it will be presumed, in the absence of anything showing the contrary, that it has properly remained upon the docket, and been continued, by operation of law, from term to term.

This cause was before the court at a former term, when the judgment of the Appellate Court was affirmed. (*Poyer* v. *Village of Des Plaines,* 123 Ill. 111.)   The appellant, Poyer, now moves the court to correct an alleged error in the rendering of that judgment and decision, and to reverse the judgment below, and remand the cause.

Mr. JOHN GIBBONS, for the motion.

Messrs. STILES & LEWIS, and Mr. C. S. CUTTING, *contra.*

Per CURIAM:   The court is asked, on its own motion, to correct a supposed error made in the rendition of its judgment and decision, and to reverse the judgment below and remand

the cause. The attention of the court is directed to statements in the opinion filed herein, that the order dissolving the injunction was accompanied with an order, duly entered, granting leave to the defendants to file suggestion of damages, and that the cause was continued until the next term of the court, and thereafter regularly continued, from term to term, until such suggestions were filed, under the leave granted, and was again continued, from term to term, until a hearing was had thereon, whereas it is said the record fails to show any orders of continuance at or after the term at which the injunction was dissolved. It is urged that this court has made a mistake as to the fact of the cause having been continued in the circuit court, and there being no orders of continuance, the circuit court lost jurisdiction to enter the decree for damages, and the judgment of affirmance in this court is therefore erroneous.

There was no mistake of fact. All causes upon the docket of the circuit court, not otherwise disposed of at the end of the term of court, are, by operation of law, continued until the next term thereof. And where, as here, a cause is regularly upon such docket at a term, and undisposed of, and at a subsequent term is still on the docket, and heard by the court as a cause pending in court, the presumption, in the absence of anything showing the contrary, is, that it has properly remained upon the docket undisposed of, and therefore continued, by operation of law, from term to term. No suggestion was made in the lower court, nor is it insisted now, that the case was not regularly upon the docket, pending, upon the leave granted. The objection then made was, that the court had no jurisdiction to assess damages upon the suggestions, because they were not filed during the term at which the injunction was dissolved. No special order was necessary to the continuance of the cause. It was, by operation of law, regularly continued, with precisely the same effect as if the orders had been entered at each term.

The motion must be denied.

*Motion denied.*